IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-028 |
| | * | |
| MICHAEL BERNARD JOHNSON | * | |

O R D E R

Defendant Michael Bernard Johnson has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Court does not require a response. Upon due consideration, the Court dismisses Johnson's request for relief.

The compassionate release provision provides a narrow path for a district court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, Johnson's motion must be dismissed for failure to exhaust administrative remedies. That is to say, a defendant may move a federal district court for compassionate release under § 3582(c)(1)(A), but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier." In this case, while Johnson claims to have lodged a request with the Warden, he has presented no evidence as such. Thus, the Court cannot conclude that Johnson has exhausted his administrative remedies prior to seeking relief in this Court.

The Court is also constrained to note that Johnson does not appear to qualify for relief in any event. U.S.S.G. § 1B1.13 of the Sentencing Guidelines provides the policy statement applicable to consideration of whether "extraordinary and compelling reasons" exist to warrant compassionate release. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1] To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii).

---

[1] A fourth catch-all category, not applicable here, provides: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

2

In this case, Johnson presents no medical evidence that he meets this criteria. Instead, he claims, without medical support, that he has a qualifying medical condition based upon his "bronchitis and chest congestions." (Def.'s Mot., Doc. 93, at 2.) The Centers for Disease Control, however, does not list either of these conditions as a significant risk factor for the contraction of COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on January 11, 2021). Thus, without *evidence* that Johnson's medical conditions, in conjunction with COVID-19, will diminish his ability to self-care or cause a condition from which he may not recover, Johnson fails to show that he is entitled to compassionate release. In short, Johnson is forewarned that his bid for compassionate release is severely lacking in merit as it now stands.

Upon the foregoing, Defendant Michael Bernard Johnson's motion for compassionate release (doc. 93) is **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA